UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY R. PHOENIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1246-JDT-cgc |
| | ) | |
| SHANE BROWN and GULF COAST | ) | |
| REGIONAL FUGITIVE TASK FORCE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

Before the Court is the *pro se* complaint filed on October 29, 2020, by Plaintiff Anthony R. Phoenix, who is currently incarcerated at the Obion County Jail in Union City, Tennessee. (ECF No. 1.) On October 26, 2020, the Court granted leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Phoenix sues Shane Brown, a Deputy U.S. Marshal, and the Gulf Coast Regional Fugitive Task Force.

The complaint alleges that while Phoenix sat parked in his neighbor's driveway on the evening of December 2, 2019, "several unmark[ed] vehicles dr[o]ve up to the house next door." (ECF No. 1 at PageID 2.) When those vehicles tried to block Plaintiff's car as he attempted to drive away, Phoenix "avoided them, not knowing who they were." (*Id.*) As Plaintiff did so, "several shots rang out from a gun." (*Id.*) His car was damaged but he

was not harmed. (*Id*.) Since the occupants of the unmarked cars had neither identified themselves nor had a "light of any kind" on their vehicles, Phoenix feared he was "being robbed or carjacked." (*Id*.) Only after "everything settled" did he notice the "individuals were U.S. Marshal[s]." (*Id*.) He says "all [this] would have been av[o]ided" if the agents had only identified their status as law enforcement. (*Id*. at PageID 3.) Phoenix further alleges he was harmed mentally and emotionally and that his trust in law enforcement has been damaged. (*Id.*) He seeks $1,000,000 for each of the 11 bullets "that was meant to take my life." (*Id*.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by

factual allegations." *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Phoenix has filed his complaint on the form used for commencing actions under 42 U.S.C. § 1983.  However, any claims against Defendant Brown, a federal employee, cannot be brought under § 1983, which applies only to constitutional violations committed by a person acting under color of *state* law.  Therefore, his claims against Brown arise, if at all, under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971).  Under certain circumstances, *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution.  "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of

3

the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Phoenix has not identified any "specific constitutional or statutory rights allegedly infringed" by Brown. *See id.* Rather, he complains only that the U.S. Marshals did not identify themselves as law enforcement when they approached the area in unmarked vehicles. (ECF No. 1 at PageID 2.) Such general references to abuse of authority do not plausibly allege a constitutional violation. *See Meals v. City of Memphis*, 493 F.3d 720, 727-28 (6th Cir. 2007). There is presently no federal statute requiring law enforcement officers to identify themselves.

In sum, Phoenix does not state what constitutional right Brown's conduct purportedly violated, and this Court is under no obligation to craft Plaintiff's claims for him. *See Matthews v. City of Memphis*, No. 14-2094-JTF-cgc, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014). Thus, even though this Court accepts all of the complaint's facts as true for screening purposes, Phoenix fails to plausibly allege a constitutional deprivation against Defendant Brown.[1]

Though the complaint contains no allegations regarding the Gulf Coast Regional Fugitive Task Force, it is overseen by the U.S. Marshals Service. *See* www.usmarshals.gov/investigations/taskfrcs/tskforcs.htm. The Task Force "partners with numerous federal,

---

[1] To the extent Brown is sued in his official capacity as a U.S. Marshal, Phoenix has no claim. Official capacity claims are treated as claims against a defendant's employer, and a *Bivens* claim may not be brought against a federal officer's employer or the United States. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

4

state, and local law enforcement agencies." *See* www.usmarshals.gov/investigations/taskfrcs/rftfs/gulf/gc-rftf.htm.  It is unclear whether and to what extent the Task Force is a suable entity.  Nevertheless, even if it may be sued, the complaint contains no allegations that are directed specifically to the Task Force as opposed to the allegations directed against Brown.  Therefore, Phoenix also fails to state a valid claim against the Task Force.

For the foregoing reasons, Phoenix's complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court finds Phoenix should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Phoenix's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.

Any amended complaint must be filed within twenty-one days after the date of this order, **on or before October 7, 2021**.  Phoenix is advised that an amended complaint will

replace the original complaint and must be complete in itself without reference to the prior pleading.  The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  If Phoenix fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE